| | |
|---|---|
| THOMAS R TOMEI, individually and derivatively on behalf of H&H Manufacturing Company, Inc., | 1:17-cv-06490-NLH-KMW<br><br>**OPINION** |
| Plaintiffs, | |
| v. | |
| RIFE & ASSOCIATES MANAGEMENT CONSULTING, LLC, KEVIN RIFE, MOMENTUM ADVISORS SERVICES, LLC, STEPHEN JUDGE, JOSEPH ZAKORCHEMNY, PATRICK STEWART, | |
| Defendants. | |

**APPEARANCES:**

LARS J. E. LEDERER
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
CENTRE SQUARE WEST  - SUITE 3400
1500 MARKET STREET
PHILADELPHIA, PA 19102

MATTHEW ADAM GREEN
OBERMAYER REBMANN MAXWELL & HIPPELL LLP
200 LAKE DRIVE EAST - SUITE 110
CHERRY HILL, NJ 08002
     On behalf of Plaintiffs

LAWRENCE M. KELLY
MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS
2070 SPRINGDALE ROAD - SUITE 400
CHERRY HILL, NJ 08003

JOSEPH B. SILVERSTEIN
GREEN, SILVERSTEIN & GROFF, LLC
215 SOUTH BROAD STREET - SUITE 500
PHILADELPHIA, PA 19107
     On behalf of Defendants

**HILLMAN, District Judge**

On August 29, 2017, Defendants removed Plaintiff's case from New Jersey Superior Court to this Court,[1] and the purported basis for subject matter jurisdiction in Defendants' notice of removal was based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332(a). On September 7, 2017, the Court issued an Order to Show Cause (Docket No. 4), which screened Defendants' notice of removal to determine whether subject matter jurisdiction had been properly averred.

The complaint provided that Plaintiff, Thomas R. Tomei, who is a citizen of New Jersey, was asserting claims on his own behalf, and derivatively on behalf of H&H Manufacturing Company, Inc. ("H&H"), which "is a corporation incorporated under the laws of the Commonwealth of Pennsylvania with a principal business address of 2 Horne Drive, Folcroft Industrial Park,

---

[1] The removal statute provides, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand," and "a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citation omitted).

2

Folcroft, PA 19032," and of which Tomei holds 95% of the issued capital stock.  Defendants' notice of removal did not, however, aver whether the citizenship of H&H should be considered in the jurisdictional analysis.  That factor was important because H&H's citizenship is Pennsylvania[2] and all Defendants are citizens of Pennsylvania.

In response to the Court's Order to Show Cause, Defendants filed an amended notice of removal (Docket No. 6), which cured the deficiencies in pleading the citizenship of the two limited liability company Defendants.[3]  The notice also argued that the Court should not consider H&H's citizenship in determining subject matter jurisdiction.  Around the same time, Defendants

---

[2] The citizenship of a corporation is its state of incorporation and its principal place of business.  See 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); S. Freedman & Co., Inc. v. Raab, 180 F. App'x 316, 320 (3d Cir. 2006) (explaining that "[i]n order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business," and affirming dismissal of complaint alleging that corporation maintained "a principal place of business," rather than "its principal place of business").  Even though the complaint states "a" principal place of business instead of "its" principal place of business, the parties do not dispute that H&H has its principal place of business in Pennsylvania.

[3] The citizenship of an LLC is determined by the citizenship of each of its members, not where it has a principal place of business, or under which state's law it is established.  See Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010).

3

filed a motion to dismiss Plaintiff's complaint for lack of personal jurisdiction. (Docket No. 5.) Soon thereafter, Plaintiff filed a motion to remand, arguing that H&H's citizenship should be considered, and the Court therefore lacks subject matter jurisdiction over the matter. (Docket No. 8.) Plaintiff also sought attorney's fees and costs relative to the improvident removal of his case. Those motions are still pending.[4]

On January 26, 2018, Plaintiff filed a motion for leave to amend his complaint. (Docket No. 21.) In his motion, Plaintiff related that he originally brought his action individually and derivatively on behalf of H&H because the dispute over the ownership of H&H was ongoing. On November 30, 2017, a Pennsylvania state court ruled in Plaintiff's favor by ending the receivership of H&H and placing H&H in Plaintiff's hands, and as a result, he no longer needed to act derivatively on H&H's behalf. Defendants, without waving any rights to substantively contest the amended complaint, did not object to its filing. (Docket No. 24.) The Magistrate Judge granted Plaintiff's motion to file an amended complaint on February 20, 2018. (Docket No. 25.)

On February 28, 2018, Plaintiff filed an amended complaint,

---

[4] Neither side filed oppositions to the motion to dismiss or the motion to remand.

which names H&H as a stand-alone plaintiff, rather than a plaintiff derivatively.  (Docket No. 28.)  On March 19, 2018, the parties filed a "stipulation to remand and to extend time to file a response to complaint," which states "the above-captioned matter will be remanded to the New Jersey Superior Court, Camden County," and also includes agreements as to fees and costs and jurisdictional discovery.[5]   (Docket No. 29.)

The filing of Plaintiff's amended complaint does not defeat subject matter jurisdiction if such jurisdiction existed at the time Defendants removed Plaintiff's original complaint.  It has been long and well-established that in determining whether a federal court may exercise jurisdiction based upon diversity of citizenship, the court must look to "the state of things at the time of the action brought."  Mollan v. Torrance, 22 U.S. 537, 539 (1824), quoted in Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 570 (2004); see also St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294–95 (1938) ("It uniformly has been held that in a suit properly begun in the federal court the change of citizenship of a party does not oust the jurisdiction. The same rule governs a suit originally brought in a state court and removed to a federal court.").

---

[5] The Court understands that Defendants' agreement to remand the matter is based on the averments in Plaintiff's amended complaint, and their recognition that diversity jurisdiction is lacking based on the face of the amended complaint.

In Grupo, the Supreme Court drove home the point:

> This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure. It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing - whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal.

Grupo, 541 U.S. at 570–71.

Thus, the Court must determine not whether diversity of citizenship exists by way of Plaintiff's amended complaint, but rather at the time Defendants removed Plaintiff's original complaint.[6]

"Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is [a court's] duty to look beyond the pleadings and arrange the parties according to their sides in the dispute." Swanson v. Traer, 354 U.S. 91, 99–100 (1957) (quotations and citations omitted). It is the "'general rule' [] that the corporation in a derivative suit should be aligned as a plaintiff because the action is brought for the benefit of the corporation and any judgment favorable to the plaintiff shareholder will inure to the benefit of the

---

[6] A federal court has jurisdiction to consider its own jurisdiction. Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc., 905 F.2d 42, 45 (3d Cir. 1990).

6

corporation." Ono v. Itoyama, 884 F. Supp. 892, 900 (D.N.J. 1995). Because, however, a "real collision in interests" is required, "the final alignment of the parties should reflect the actual antagonisms between the plaintiffs, the corporation, and the directors." Id. (quoting Smith v. Sperling, 354 U.S. 91, 97 (1957), Liddy v. Urbanek, 707 F.2d 1222, 1224 (11th Cir. 1983)).

"[I]f the complaint in a derivative action alleges that the controlling shareholders or dominant officials of the corporation are guilty of fraud or malfeasance, then antagonism is clearly evident and the corporation remains a defendant." Liddy, 707 F.2d at 1224 (citing Swanson, 354 U.S. 114). "On the other hand, if the individual plaintiff is the majority stockholder or a controlling officer, then the corporation cannot be deemed antagonistic to the suit and it should be realigned as a plaintiff." Id. (citation omitted).

Here, it is clear that Plaintiff's complaint asserts allegations by the majority shareholder for the benefit of, rather than antagonistic to, the corporation. Plaintiff Tomei claims that he is the 95% shareholder in H&H, and alleges that Defendant Rife & Associates, the receiver for H&H appointed by a Pennsylvania judge,[7] improperly delegated its duties to Defendant

---

[7] Plaintiff's complaint relates that he and H&H instituted suit against the 5% shareholder, Vincent Tomei, and requested the appointment of a receiver, because he was concerned about Vincent Tomei's erratic actions taken regarding H&H's finances.

7

Momentum Advisors Services, LLC, which was comprised of the individual Defendants who were employees of Rife & Associates, and those Defendants committed various violations, including improperly and fraudulently funneling money to themselves directly from H&H.  Plaintiff Tomei and H&H have independent grounds for their claims, and H&H specifically asserts at least one cause of action on its own behalf separate from Plaintiff Tomei for unjust enrichment.  Additionally, New Jersey and Pennsylvania law requires that in order for a shareholder to bring a lawsuit in the name of a company derivatively, the shareholder must first make demand upon the company to bring the lawsuit, and the complaint relates that Plaintiff Tomei made demand upon the receiver and Vincent Tomei, who owns the remaining 5% in H&H, to bring suit against Defendants, and that both refused.  (Docket No. 1-1 at 12.)

Thus, accepting Plaintiff's allegations as true, H&H is properly aligned as a plaintiff because the action is brought for the benefit of H&H, and any judgment favorable to Plaintiff Tomei will inure to the benefit of H&H.  Accordingly, the citizenship of H&H must be considered at the time Defendants removed the action.  It is undisputed that H&H is a citizen of Pennsylvania, and was a citizen of Pennsylvania at the time of

---

(Docket No. 1-1 at 5.)  Vincent Tomei is not a defendant in this case.

8

removal.  It is undisputed that at least one, and in fact most, Defendants are also citizens of Pennsylvania.

In sum, the Court declines to sign the stipulation signed by the parties which the Court understands to be predicated upon the amended complaint and events subsequent to the Removal Petition.  The stipulation appears to presume that the Court has jurisdiction to consider the amended complaint and thereby exercise jurisdiction after removal.  The Court is of the view that the opposite is true.  It appears to this Court that the originally asserted basis for removal was legally insufficient at the time the Petition for Removal was filed in that H&H should have been aligned as a plaintiff defeating diversity jurisdiction.  This Court never had jurisdiction and cannot exercise it now.  Consequently, the Court will issue an Order to Show Cause as to why the matter should not be remanded for lack of subject matter jurisdiction because diversity of citizenship was lacking when Defendants removed the case to this Court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

An appropriate Order will be entered.

Date:  April 20, 2018            s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

9